[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2006
THOMAS K. KAHN
CLERK

No. 06-11583
Non-Argument Calendar

_____

D. C. Docket No. 04-00530-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIVINITY TEMPESTT BURTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2006)

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Divinity Tempestt Burton appeals her 33-month sentence, imposed after she pled guilty to one count of assaulting a federal officer in violation of 18 U.S.C. § 1503. On appeal, she argues that her sentence was unreasonable based on the circumstances of the crime and her history and characteristics. For the reasons set forth more fully below, we affirm.

At her plea hearing, Burton admitted to the following facts. On September 30, 2004, Burton was seated in the gallery during the jury trial of Karen King, a friend or relative of Burton's. Following the return of a guilty verdict, several individuals expressed their displeasure, including one individual who left the court and another who was asked to leave. Deputy Steven Clark was dispatched to deal with the disturbance outside the courtroom, and while Clark attempted to handcuff one of the disruptive individuals, Burton appeared on the scene and began striking Clark, at one point biting him on his right cheek. Clark later identified Burton as the person who bit him.

The PSI set Burton's base offense level at 14 under U.S.S.G. § 2J1.2. Burton then received an eight-level enhancement under § 2J1.2(b)(1)(A) for causing physical injury to Deputy Clark, who bled as a result of Burton's bite. Burton next received a three-level reduction for acceptance of responsibility under §§ 3E1.1(a) and (b), for a total offense level of 19. Burton's criminal history was

category II, which at offense level 19 provided an advisory sentencing range of 33 to 41 months' imprisonment. Burton's sole objection was that the eight-level enhancement over exaggerated the extent of Clark's injury.

At sentencing, Burton argued that Clark had not suffered any permanent skin damage or scarring and further argued that she herself suffered from mental trauma, as she had witnessed her father commit suicide. In light of the foregoing, Burton argued that eight levels for the amount of injury caused was excessive. She further requested that the court depart from the suggested term of imprisonment because of the minimal injury, her age, her mental state, and the fact that she was pregnant at the time of sentencing.

The district court overruled Burton's objection to the eight-level enhancement, finding that the facts and circumstances surrounding the incident justified its application. Prior to sentencing, the court addressed Burton, and stated that Burton's conduct could not be tolerated in or out of a courtroom and that she should learn to better control her emotions. Burton was then sentenced to 33 months' imprisonment, the low-end of the recommended sentencing range. The record reflects that the court considered the factors in § 3553(a) and found that the applicable guideline range was reasonable, appropriate, and justifiable in this case.

On appeal, Burton argues that the district court's sentence was unreasonable

3

and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). She argues that the eight-level enhancement was excessive because the injury she caused was not severe, and, therefore, application of the enhancement resulted in an unreasonable sentence. Next, Burton argues that the nature and circumstances of the offense and her history and characteristics, specifically her post-traumatic stress disorder caused by witnessing her father's suicide, weigh in favor of a lesser sentence. She further notes that her lack of a serious criminal history weighs in favor of a lesser sentence and she has accepted responsibility for and learned from her mistake.

Where a defendant challenges her overall sentence, we review for unreasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Booker, 543 U.S. 220, 261-62, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005) (holding that appellate courts review sentences for unreasonableness in light of the § 3553(a) factors). We have further held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient under Booker. Id. Moreover, we

have rejected the notion that a sentence within the guidelines is <u>per se</u> reasonable, although "the use of the Guidelines remains central to the sentencing process." <u>United States v. Talley</u>, 431 F.3d 784, 787 (11th Cir. 2005). We have further stated that, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." <u>Id.</u> at 788.

To the extent that Burton is challenging the application of § 2J1.2(b)(1)(A), we review "the district court's factual findings for clear error and the court's application of the sentencing guidelines to the facts <u>de novo</u>." <u>United States v. McGuinness</u>, 451 F.3d 1302, 1304 (11th Cir. 2006). Section 2J1.2(b)(1)(A) provides for an eight-level enhancement if "the offense involved causing . . . physical injury to a person . . . in order to obstruct the administration of justice." U.S.S.G. § 2J1.2(b)(1)(A). Here, Burton bit Deputy Clark while he was trying to subdue and handcuff an individual who was being disruptive to court proceedings, drawing blood. Thus, she caused Clark injury and in the process prevented Clark from doing his job—administering justice and keeping the peace. We, therefore, conclude that the eight-level enhancement was appropriately applied, and the district court did not clearly err by finding that the facts and the circumstances of

5

this case warranted the enhancement.

As to the reasonableness of the overall sentence, the district court explicitly acknowledged that it had considered the § 3553(a) factors, and, although it heard Burton's argument that her age, her mental state, and the fact that she was pregnant at the time of sentencing warranted a variance, was unpersuaded that those factors warranted a sentence less than that recommended by the guidelines. We have acknowledged that the Guidelines promulgated by the Sentencing Commission have been honed to take into consideration the § 3553(a) factors, and, therefore, Burton's 33-month sentence, imposed at the low-end of the applicable guideline range, adequately reflected her personal characteristics and history, just punishment, and adequate deterrence. See Scott, 426 F.3d at 1330, n.5. Furthermore, Burton's sentence is less than one-third the statutory maximum of 10 years' (120 months') imprisonment, and, therefore, given the district court's consideration of the § 3553(a) factors and applicable guideline range, we cannot say that Burton's 33-month sentence was unreasonable. Cf. United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (affirming as reasonable a sentence within the correctly calculated guideline range that was almost one-third the statutory maximum). We, therefore, affirm.

**AFFIRMED.**